**FILED**
JUN 2 3 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: **'08 MJ 8562** |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | 21 U.S.C. § 952 and 960 |
| Edgar Joel ESPINOZA-Galvez, | Importation of a Controlled Substance (Felony) |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about June 20, 2008, within the Southern District of California, defendant Edgar Joel ESPINOZA-Galvez did knowingly and intentionally import approximately 18.38 kilograms (40.44 pounds) of cocaine, a schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Chad N. Worgen
Special Agent
U.S. Immigration & Customs Enforcement

SWORN TO, BEFORE ME, AND SUBSCRIBED IN MY PRESENCE THIS 23rd DAY OF JUNE, 2008.

_____
Peter C. Lewis
U.S. Magistrate Judge

## PROBABLE CAUSE STATEMENT

I, Special Agent Chad N. Worgen with U.S. Immigration and Customs Enforcement, declare under penalty of perjury, the following is true and correct:

On June 20, 2008, at approximately 1446 hours, Edgar Joel ESPINOZA-Galvez entered the U.S. from Mexico through the Calexico, CA West Port of Entry (POE) driving a 1994 Ford Mustang. Customs and Border Protection Officer (CBPO) J. Burgueno was conducting primary vehicle inspections on lane # 5 when ESPINOZA applied for entry. CBPO Burgueno received a negative oral Customs declaration from ESPINOZA. During questioning, ESPINOZA became nervous by stuttering. CBPO Burgueno referred both ESPINOZA and the vehicle to secondary for an intensive inspection.

CBPO J. Ibarra was conducting vehicle secondary inspections, and approached the 1994 Mustang that was driven by ESPINOZA. CBPO Ibarra received a negative oral Customs declaration from ESPINOZA. ESZPINOZA stated he was not the registered owner of the vehicle. Upon further questioning, ESPINOZA became nervous by stuttering, avoiding eye contact, and his hands began shaking.

Canine Enforcement Officer (CEO) J. Jones was requested to screen the vehicle with his Narcotics Human Detector Dog (NHDD). CEO Jones informed CBPO Ibarra that his NHDD had alerted to the front fender area of the vehicle. An intensive inspection resulted in the discovery of two non-factory metal compartments located on the driver and passenger side front fenders of the vehicle. The compartment was opened and packages were discovered. CBPO Ibarra probed a random package, and it produced a white powdery substance that field tested positive for cocaine. A total of sixteen (16) packages of cocaine were extracted from the compartments with a total weight of 18.38 kilograms (40.44 pounds).

ESPINOZA was arrested for violation of Title 21 United States Code 952 and 960, Importation of a Controlled Substance. ESPINOZA was advised of his rights per Miranda. ESPINOZA stated that he understood his rights and agreed to answer questions without the presence of an attorney. ESPINOZA stated he knew controlled substances were to be concealed within the vehicle. ESPINOZA stated he was to be paid $1,000.00 to drop the vehicle off in the U.S. ESPINOZA stated he knew it is illegal to import controlled substances into the U.S.

Executed on June 21, 2008 at 1100 hours.

_Chad N. Worgen, S/A_
Chad N. Worgen, Special Agent

On the basis of the facts presented in the probable cause statement consisting of one page, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on June 20, 2008, in violation of Title 21, United States Code, Sections 952 and 960.

_Louisa S. Porter_, U.S. Magistrate Judge

6/21/08  12:50 AM
Date/Time